**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

DAVID CARLOS WASHINGTON,

    Plaintiff,

    v.

BRIDGESTONE RETAIL OPERATIONS, LLC,

    Defendant.

Civil Action No. 24-0626-TDC

**MEMORANDUM ORDER**

Self-represented Plaintiff David Carlos Washington filed this civil action against Defendant Bridgestone Retail Operations, LLC ("Bridgestone") in which he alleged discrimination and a hostile work environment on the basis of race and unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17. On November 14, 2024, the Court granted Bridgestone's Motion to Compel Arbitration and stayed this case pending the completion of arbitration proceedings. On January 20, 2026, the arbitrator granted summary judgment to Bridgestone and closed the proceedings, with each party responsible for its own fees and costs.

Washington has now filed a Motion to Vacate the Arbitration Award, which is fully briefed. In opposing the Motion, Bridgestone has filed a Motion to Confirm the Arbitration Award. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion to Vacate the Arbitration Award will be DENIED, and the Motion to Confirm the Arbitration Award will be GRANTED.

## DISCUSSION

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, provides in part that:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. Bridgestone filed its Motion to Confirm the Arbitration Award within one year of the arbitrator's decision. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Washington asserted claims arising under federal law. There is no dispute that this Court has personal jurisdiction over Bridgestone. Thus, the Court finds that venue is appropriate in light of the contractual provision stating that "judgment upon the award of the arbitrator may be entered and enforced in any federal or state court having jurisdiction over the Parties." Employee Dispute Resolution Plan § 30(D), Mot. Compel Arbitration Ex. A, ECF No. 17-2. The Court is therefore satisfied that the requirements of the FAA are met, such that it may review the arbitration award for purposes of ruling on the Motion to Confirm the Arbitration Award.

As for the Motion to Vacate the Arbitration Award, judicial review of an arbitration award is "severely circumscribed," and, in fact, is "among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998) (footnote omitted). Thus, where there is a valid contract between the parties providing for arbitration, and the arbitration resolved a dispute within the scope of the arbitration clause, federal courts may

2

vacate an arbitration award only upon a showing of one of the grounds set forth in the FAA, or if the arbitrator acted in manifest disregard of law. *Id.* Section 10 of the FAA limits review to the following grounds: (1) "the award was procured by corruption, fraud, or undue means"; (2) "there was evident partiality or corruption" on the part of the arbitrators; (3) "the arbitrators were guilty of misconduct," including by "refusing to hear evidence pertinent and material to the controversy," by which "the rights of any party have been prejudiced"; or (4) "the arbitrators exceeded their powers." 9 U.S.C. § 10(a). A misinterpretation of a contract, or of law, does not suffice to overturn an award. *See Upshur Coals Corp. v. United Mine Workers of Am., Dist. 31*, 933 F.2d 225, 229 (4th Cir. 1991). Where an arbitration award is challenged, the party opposing the award bears the burden of proving the existence of grounds for vacating the award. *Three S Delaware, Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007).

Section 10 states that an award may be vacated by "the United States court in and for the district wherein the award was made." 9 U.S.C. § 10. Although it is not clear from Washington's Motion or from the arbitrator's ruling that the award was made in the District of Maryland, the Court will assume that the award was made in the District of Maryland so that it may consider the merits of Washington's Motion.

In his Motion, Washington seeks to vacate the arbitration award on the grounds that the arbitrator resolved the case by ruling on a motion for summary judgment before hearing live testimony from Area Manager Darius Rice, who was a witness to a termination meeting on October 13, 2023. Washington asserts that the arbitrator's decision constituted "misconduct . . . in refusing to hear evidence pertinent and material to the controversy," 9 U.S.C. § 10(a)(3), and rendered the arbitration proceedings fundamentally unfair. However, the granting of a motion for summary judgment without live witness testimony is neither improper nor fundamentally unfair, especially

3

where Washington had the opportunity to, and did, oppose the motion through written filings. According to the arbitrator, Washington "filed a total of four pleadings in opposition to [Bridgestone's] motion for summary judgment," none of which "took issue with any of [Bridgestone's] statements of material undisputed facts, nor with the affidavits from his managers or the HR representative, or the other exhibits which accompanied the motion for summary judgment." Arbitrator's Ruling at 3, ECF Nos. 51-1, 54-1. Where Washington had an adequate opportunity to participate in the proceedings, the Court finds that the arbitrator's decision to forgo live witness testimony and grant summary judgment based on the existing record does not amount to misconduct under 9 U.S.C. § 10(a)(3). The Court will therefore deny the Motion to Vacate the Arbitration Award.

Where there is no basis to vacate the arbitration award and, as discussed above, the other requirements of 9 U.S.C. § 9 are met, the FAA states that the Court must enter an order confirming the award when such an order is sought by a party to the arbitration proceedings. *See* 9 U.S.C. § 9. The Court will therefore grant the Motion to Confirm the Arbitration Award and enter judgment in favor of Bridgestone.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Washington's Motion to Vacate the Arbitration Award, ECF No. 51, is DENIED.

2. Washington's Motion for a Status Update, ECF No. 57, is DISMISSED AS MOOT.

3. Bridgestone's Motion to Confirm the Arbitration Award, ECF No. 54, is GRANTED in that the Court confirms the arbitration award and enters judgment in favor of Bridgestone, with each party to bear its own fees and costs.

4.  The Clerk shall close this case.


Date: June 16, 2026

THEODORE D. CHUANG
United States District Judge

5